**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **REX RUSSELL LANDERS, et al.,** | ) |
| | ) |
| **Petitioners,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-06-127-HE** |
| | ) |
| **JOSEPH SCIBANA, Warden, et al.,** | ) |
| | ) |
| **Respondent.** | ) |

**REPORT AND RECOMMENDATION**

Petitioners, Landers, Albers and Bischof, prisoners in custody at FCI El Reno appearing pro se, filed various documents on February 7, 2006, including a "Petition for Writ of Habeas Corpus, Rule E8 of Supplemental Rules for Certain Admiralty and Maritime Claims." United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice.

By Order of this Court dated March 3, 2006, the documents filed by Petitioners, [Doc. Nos. 1, 2 and 3], were stricken and Petitioners were directed to file a proper pleading on or before March 23, 2006, together with payment of the filing fee or individual applications to proceed *in forma pauperis*. A review of the Court file reveals that as of this date, Petitioners have not complied with the order, requested an extension of time within which to do so, or demonstrated good cause for their failure to respond to the Court's order. The Court Docket does reflect that the order of March 3, 2006 was returned undeliverable on March 10, 2006 as to each of the Petitioners. Further, on March 20, 2006, Rex Russell Landers filed a notice of change of address, and the Court

*sua sponte* granted him an extension of time until April 11, 2006 within which to comply with the March 3, 2006 order.  However, to date there have been no further filings in this matter Landers or the other Petitioners.

A change of address notice is required by Local Civil Rule 5.5 and under that Rule, documents mailed by the Court are deemed delivered if mailed to the last known address given to the Court.  It is incumbent on litigants, even pro se, to follow the local rules, especially those as nonburdensome as Local Civil Rule 5.5.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  Petitioners' lack of interest in maintaining this litigation – as demonstrated by their failure to inform the Court of their apparent change of address and failure to respond to the Court's order – combined with the Court's inherent power to manage judicial resources warrants dismissal of this action without prejudice.  Accordingly, it is recommended that the action be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, it is recommended that this action be dismissed without prejudice.  Petitioners are advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 9th day of May, 2006, in accordance with 28 U.S.C. §636 and Local Rule 72.1.  Petitioners are further advised that failure to make timely objection to this Report and Recommendation waive their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of April, 2006..

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE